## McDOWELL, etc, et v YOUNGSTOWN (city) et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 6, 1933

Henderson, Mason & Waller, Youngstown, for plaintiffs.

W. E. Stankiewicz, Youngstown, for defendants.

**OPINION**

By POLLOCK, J.

This is substantially all of the petition. Our attention is called to the rule which should govern courts in determining the question of the validity of such ordinances:

"Unless there is a clear and palpable abuse of power, a court will not substitute its judgment for legislative discretion. Local authorities are presumed to be familiar with local conditions and to know the needs of the community."

**Allion v City of Toledo, 99 Oh St, 416.**

The Supreme Court also reaffirmed this principle in practically the same words in **City of Cincinnati v Weheloft, 119 Oh St,** 136, so that this is the principle or rule that should govern the court in determining this question. "Unless there is a clear and palpable abuse of power, a court will not substitute its judgment for legislative discretion."

In this petition the plaintiffs allege that this ordinance is a discriminatory and arbitrary violation of their constitutional rights, and, in other words, they allege an abuse of the power given to the city to pass an ordinance limiting the traffic on South Walnut Street to one way, the northerly direction, between Front and Federal Streets, practically two blocks. They also say that this is unnecessary to preserve the peace and health and safety of the city, and if they set out sufficient facts to prove these allegations it is an abuse of discretion.

Attention was further called to a rule announced by the Supreme Court in the case of **VanWert v Webster et, 31 Oh St 420:**

"When an injunction is sought on the ground of apprehended injury to real property, facts must be stated showing that the injury would be irreparable, and the mere statement in the petition that the injury would be irreparable is sufficient on demurrer."

The pleading in this case also states that it is now and will hereafter produce this irreparable injury and defeat or reduce the value of their business and their property, so that it is not stated in the future entirely but that it has had that effect.

There is a further allegation in this petition. After alleging that it would result in gross injustice and inequitable discrimination against these people located on Walnut Street, the petition says that it was really enacted to give other merchants and business men particularly those located on East Federal Street, near the intersection of Walnut Street, a discriminatory advantage over plaintiffs, because said ordinance was expressly passed so that motor busses carrying the public would be able to pass in a northerly direction along said Walnut Street unhindered by other vehicular traffic, and load and unload the public at East Federal and Walnut Streets, where they could readily patronize merchants and business men at and near said place of loading and unloading. In other words, the plaintiffs charge the city, through its Council, with improper motives in passing this ordinance, so that the busses would pass along this street and there stop, that it was done for the purpose of giving the merchants on

Federal Street an undue advantage over the plaintiffs. If this is correct, the ordinance was passed, among other things, because of improper motives.

Our attention was called also to the proposition:

"The motive of the council in passing such legislation can not be inquired into in this cause. The presumption is that its members acted in good faith, and therefore the naked allegation in the petition suggests the contrary and is not sufficient to warrant any consideration of this proposition."

This is taken from the opinion in the case of **Village of Perrysburg v Ridgeway, 108 Oh St, 245.** What was alleged in that petition is not set out. In the opinion this proposition that we have read is quoted, so that we presume that the bare statement or allegation that the ordinance was passed for improper motives was all there was in that petition, but this petition sets out the motive; that is, giving the busses the right to pass unobstructed throught this street and stop at a point to load and unload passengers where it would give other business men and residents and taxpayers an undue advantage over these plaintiffs.

It follows that the demurrer must be overruled, and that was all that was submitted in the case. The only entry will be, demurrer to the petition overruled. Exceptions noted.

FARR and ROBERTS, JJ, concur in the judgment.